Charles A. CHEATHAM, Individually, and as Administrator of the Estate of Geri Lynn Cheatham, Deceased, Plaintiff

v.

TEVA PHARMACEUTICALS USA, Barr Laboratories, Inc., Barr Pharmaceuticals, Inc., McKesson Provider Technologies, McKesson Corporation & John Does 1–10, and Wolters Kluwer Health, Inc., Defendants.

Case No.: 4:09–CV–00880 GTE.

United States District Court, E.D. Arkansas, Western Division.

May 20, 2010.

Sandy S. McMath, Sandy S. McMath & Associates, P.A., Little Rock, AR, for Plaintiff.

Jeanette Hargreaves, Joseph P. Thomas, Ulmer & Berne LLP, Cincinnati, OH, Joseph W. Ghormley, Steven W. Quattlebaum, Quattlebaum, Grooms, Tull & Burrow PLLC, Elizabeth Robben Murray, James M. Simpson, Jr., Friday, Eldredge

& Clark, LLP, Little Rock, AR, for Defendants.

### ORDER

GARNETT THOMAS EISELE, District Judge.

Before the Court is a Motion for Summary Judgment[1] filed by Separate Defendant Wolters Kluwer Health, Inc. ("WKH"). The motion was originally filed as a Motion to Dismiss, but the Court converted the motion to one for judgment as a matter of law in its April 12, 2010 Letter Order[2] which provided the parties the opportunity to supplement their filings and to submit additional materials outside the pleadings. Before the motion was converted, Plaintiff Charles Cheatham ("Cheatham") filed a response[3] and WKH replied.[4] After the motion was converted, WKH submitted an Addendum in further support of its motion,[5] but Cheatham submitted no additional briefing.

For the reasons stated below, the Court concludes that WKH is entitled to judgment as a matter of law.

## I. FACTS WITHOUT MATERIAL DISPUTE

Plaintiff Cheatham brings this products liability action individually and on behalf of his deceased wife Geri Lynn Cheatham, who died after ingesting the pain medication Tramadol, along with other prescribed medications. Plaintiff sued Teva Pharmaceuticals USA, Barr Laboratories, Inc., Barr Pharmaceuticals, Inc., McKesson Provider Technologies, and McKesson Corporation for designing, testing, manufacturing, marketing, and/or distributing Tramadol. Plaintiff sued Wolters Kluwer Health, Inc. ("WKH") based on its role in "creating and publishing warning and instruction language information on drugs, including for the drug Tramadol, for which it copyrighted the language used in the warning and instruction which it and the other defendants provided to USA Express."[6]

Geri Cheatham filled her prescription for Tramadol at USA Drug Express Store # 1044 ("USA Drug") in Little Rock, Arkansas. As an Arkansas pharmacy USA Drug is regulated by the Arkansas State Board of Pharmacy ("Pharmacy Board"). In 2006, when the prescription was filled, the Pharmacy Board had in place a regulation requiring pharmacies to provide patient counseling. Known as "Regulation 9," the provision required USA Drug to provide "appropriate patient-oriented reference materials"[7] to include information on dosage, potential significant side effects and drug interactions.

WKH had nothing to do with the manufacture, distribution, or testing of Tramadol. WKH publishes drug information in electronic databases, including patient drug education ("PDE") information. More specifically, WKH provides pharmacies like USA Drug with "generalized, summary information about prescription drugs for use by pharmacists in their provision of counseling to patients regarding prescribed drugs and the use of such drugs as directed by their physicians."[8] USA Drug obtained from WKH the writ-

---

1. Docket entry # 29.

2. Docket entry # 46.

3. Docket entries # 36 and # 37.

4. Docket entry # 45.

5. Docket entry # 49.

6. Amended Complaint, docket entry # 5, at p. 15, ¶ XXV.

7. A copy of Regulation 9 is attached to WKH's opening brief (docket entry # 30).

8. Affidavit of Eric Cardinal, attached to WKH's supplemental briefing, docket entry # 49.

ten reference material necessary to satisfy this Pharmacy Board requirement.[9]

Thus, when Geri Cheatham picked up her prescription for Tramadol, she also was provided with a two-page printout with information about the drug.[10] The Court assumes for purposes of this motion that WKH provided USA Drug with the substance of the monograph provided to Geri Cheatham.[11]

It is undisputed that WKH had no direct relationship to Geri Cheatham. It is further undisputed that WKH had no knowledge of Geri Cheatham's individual circumstances and that it made no effort to provide her with a detailed or individualized warning regarding the drug prescribed by her physician and obtained from USA Drug.

## II. SUMMARY JUDGMENT STANDARD

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.*

Once the moving party demonstrates that the record does not disclose a genuine

dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. Rule 56(e). The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548.

## III. DISCUSSION

▆▆▆ As the Court observed in its Letter Order, the only plausible theory for imposing liability upon WKH in this lawsuit is negligence for failure to warn. "In order to prove negligence, there must be a failure to exercise proper care in the performance of a legal duty which the defendant owed the plaintiff under the circumstances surrounding them." *Shannon v. Wilson*, 329 Ark. 143, 158, 947 S.W.2d 349 (1997). "The question of the duty owed to the plaintiff alleging negligence is always one of law and never one for the jury." *Mans v. Peoples Bank of Imboden*, 340 Ark. 518, 10 S.W.3d 885, 888 (2000) (citations omitted). Thus, a negligence claim may be disposed of a matter of law when a court determines that a defendant owed no duty to the plaintiff alleging negligence.

---

**9.** It is unclear whether USA Drug licensed the PDE database directly from WKH or sublicensed it through a third-party software company as part of a broader package of pharmacy software programs. WKH does not dispute that it provided the information. Whether it did so directly or indirectly is immaterial.

**10.** A copy of the printout or drug monograph provided to Ms. Cheatham is attached to Plaintiff's Amended Complaint as Exhibit 3.

**11.** WKH suggests in its Addendum that USA Drug altered or customized the information WKH made available through its database.

██ The undisputed facts do not permit a finding that WKH owed any legal duty to warn or instruct Geri Cheatham regarding Tramadol. WKH's undertaking to provide patient drug education information to USA Drug Express did not create such a duty.

██ Arkansas recognizes the "learned intermediary doctrine" pursuant to which a drug manufacturer may rely on the physician to warn the patient of the risks of a prescription drug. *West v. Searle & Co.,* 305 Ark. 33, 806 S.W.2d 608 (1991). Although the Court has not located an Arkansas state court decision on point, Judge Franklin Waters predicted in 1999 that the Arkansas Supreme Court would apply the learned intermediary rule to pharmacists. He held that "pharmacies generally have no common-law or statutory duty to warn customers of the risks associated with the prescription drugs they purchase." *Kohl v. American Home Products Corp.,* 78 F.Supp.2d 885, 893 (W.D.Ark.1999).

Plaintiff argues that this case is distinguishable from *Kohl* and *Searle* because WKH "affirmatively undertook to provide an extensive and detailed warning—not to physicians or any other 'learned intermediary', but to the patient, herself."[12] Plaintiff offers no proof to support this allegation and the evidence presented is to the contrary. First, a disclaimer at the top of the monograph advised Geri Cheatham that it was "not intended to cover all possible uses, directions, precautions, drug interactions, or adverse effects" or to be used as "specific medical advice." Second, there simply is nothing extensive or detailed about the generic drug information provided in the monograph. Third, there is no basis for concluding that the monograph was intended to supplant either Geri Cheatham's physician's warnings regarding the prescribed medication or the pharmacist's duties in connection with filling the prescription. WKH did not deal directly with Cheatham, but provided educational materials to USA Drug to permit it to comply with its Pharmacy Board mandated patient counseling requirements. It would be contrary to existing legal principles to impose upon WKH a duty greater than the pharmacy that filled the prescription and provided the monograph to Geri Cheatham.

## IV. CONCLUSION

The evidence before the Court permits only one conclusion. WKH owed no legal duty to either Geri or Charles A. Cheatham under the circumstances described.

IT IS THEREFORE ORDERED THAT Defendant Wolters Kluwer Health, Inc.'s Motion for Summary Judgment (docket entry # 29) be, and it is hereby, GRANTED. All claims asserted against Separate Defendant Wolters Kluwer Health, Inc. are hereby dismissed with prejudice.

---

12. Plaintiff's memorandum in opposition, docket entry # 37 at p. 2.